IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC OKADA, et al.                                                                                              PLAINTIFFS

v.                                                     No. 2:16-CV-02245

EAGLE'S HVAC, LLC, et al.                                                                              DEFENDANTS

**ORDER**

Before the Court is the parties' joint motion (Doc. 18) to approve their settlement agreement and dismiss, filed pursuant to Federal Rule of Civil Procedure 41(a)(2). The parties have also filed a brief in support of their motion (Doc. 21), as well as the proposed settlement agreement (Doc. 21-1), Plaintiff Eric Okada, et al.'s damages calculation (Doc. 21-2), Defendant Eagle's HVAC, LLC, et al.'s damages calculation (Doc. 21-3), alleged logs of Plaintiff's hours worked (Doc. 21-4), and the declaration of Plaintiffs' attorneys Josh Sanford, Chris Burks, and Dominique King (Doc. 21-5) in support of Plaintiffs' requested attorneys' fees. Having reviewed the joint motion, the proposed settlement agreement, and the additional documents submitted, the motion will be granted for the reasons set forth below.

Plaintiffs Eric Okada and Daryl Evans originally filed this lawsuit on October 11, 2016, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-211. (Doc. 1). On October 20, 2016, Plaintiffs filed a First Amended and Substituted Complaint to include Plaintiff Donald Piazza's claims. (Doc. 5). On November 11, 2016, Eagle's HVAC filed their answer denying entitlement to the relief requested by Okada, et. al. (Doc. 9).

The law is unclear in the Eighth Circuit as to whether judicial approval of a proposed private release of FLSA claims is required in all cases before dismissal. *See King v. Raineri*

*Constr., LLC*, 2015 WL 631253, *1 (E.D. Mo. Feb. 12, 2015) (collecting cases). However, it is clear that there are only two ways in which wage claims under the FLSA can be waived: first, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them, and second, when (as here) an employee brings a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. 29 U.S.C. § 216(c); *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). The parties here do not propose a stipulated judgment, but they have set out in their settlement agreement the full consideration owed to Plaintiffs and agreed that Plaintiffs will voluntarily waive all claims that have arisen out of Defendants' conduct prior to the date of settlement.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). Plaintiffs alleged that they had worked hours for which they were not compensated. Defendants argued that Plaintiffs were not entitled to pay for those hours and also disputed the accuracy of Plaintiffs' timekeeping. Because the complaint displays that a bona fide dispute exists as to whether Mr. Okada, Mr. Evans, and Mr. Piazza are entitled to a minimum wage and overtime for their work for Defendants, the Court must evaluate whether the settlement is fair. In determining whether a settlement is fair and reasonable under the FLSA, factors this Court considers include the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between the parties based on the merits of the case.

*Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D. D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

The parties propose that Defendants should pay a total of $18,469.04, to be disbursed in the following way:

- $5,000 to Mr. Okada (one-half of the amount is paid as back wages, less all deductions and withholdings required by law, and one-half of the amount is paid as 1099 compensation);
- $5,000 to Mr. Evans (one-half of the amount is paid as back wages, less all deductions and withholdings required by law, and one-half of the amount is paid as 1099 compensation);
- $1,081.42 to Mr. Piazza (one-half of the amount is paid as back wages, less all deductions and withholdings required by law, and one-half of the amount is paid as 1099 compensation);
- $7,387.61 to Plaintiffs' counsel, Sanford Law Firm, PLLC, for attorneys' fees related to the representation of these Plaintiffs.

This compensation represents a fair compromise of the bona fide dispute of fact concerning the number of hours worked and the compensation received by Plaintiffs.  Mr. Okada claims damages of $3,657.77 between February 12, 2015 and September 2, 2016.  (Doc. 21-2).  Mr. Evans claims damages of $2,473.63 between November 11, 2014 and June 17, 2016.  (Doc. 21-2).  Mr. Piazza claims damages of $853.13 between November 21, 2014 and March 11, 2016.  (Doc. 21-2). Defendants' records indicate that they owe Mr. Okada $3,696.02, Mr. Evans $3,170.61, and Mr. Piazza $719.34.  In light of Defendants' representation in the joint motion that their proposed evidentiary records were kept in the ordinary course of business, the Court finds that the compromise reached—that Defendants owe both Mr. Okada and Mr. Evans $2,500 in unpaid wages and $2,500 in liquidated damages, and Defendants owe Mr. Piazza $540.71 in unpaid wages

and $540.71 in liquidated damages—is fair and equitable to all parties and is the result of arms-length negotiations.

Further, the parties agreed the Defendants would pay Plaintiffs' counsel, Sanford Law Firm, PLLC, a lump sum of $7,387.61. (Doc. 21-1). Plaintiffs' counsel has agreed to take a reduction of 42.95% on their total invoice if the proposed settlement is approved. Plaintiffs' counsel has submitted a detailed invoice of what they billed for and their fees. Based on the proposed settlement agreement and the measure of success obtained by Plaintiffs, the Court finds that the attorneys' fees of $7,387.61 are fair and reasonable. Therefore, the settlement will be approved in all respects.

IT IS THEREFORE ORDERED that the joint motion to dismiss and approve the settlement agreement (Doc. 20) is GRANTED.

IT IS SO ORDERED, this 14th day of December, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE